BRENNEMAN, MARTIN & Co. v. EDWARDS.

1. **Statute of Limitations:** NEW PROMISE: OFFER TO COMPROMISE. An offer to compromise a claim by paying a part of it does not constitute a promise to pay it, such as will remove the bar of the statute of limitations. Certain letters considered and held not to contain an admission of indebtedness nor a promise to pay the claim with reference to which they were written.

*Appeal from Dubuque Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION upon a judgment rendered by a justice of the peace in the State of Pennsylvania. There was a verdict and judg-

ment for plaintiff. Defendant appeals. The facts of the case, involved in the question decided, appear in the opinion.

*Fouke & Lyon*, for appellant.

*Hurd & Daniels*, for appellees.

BECK, J.—I. The judgment upon which suit was brought was rendered in 1854. The plaintiffs allege in their petition, in order to take the case out of the operation of the statute of limitations, that defendant in writing within ten years admitted that the debt is unpaid and promised to pay it. In an amended petition, written instruments relied upon to defeat the statute are set out by copy. The court instructed the jury that these writings, if the jury found they referred to the judgment in suit, "contain an admission sufficient to remove the bar of the statute of limitations and entitle plaintiffs to judgment for the amount due." An objection made by defendant to this instruction presents a question, the decision whereof is decisive of the case.

II. The instruments set out in the amended petition, and referred to in the instructions to the jury, are two letters to the lawyers of defendant holding the claim for collection, and are in the following language:

1. STATUTE of limitations: new promise; offer to compromise.

"EPWORTH, Iowa, Feb. 16, 1872.

"JAMES BURT & SON:

"*Dear Sir:*—Yours of the 13th is at hand. I will come and see you in regard to that matter of ours as soon as I can. I have no money at present. I will try to collect some. What I have coming is mostly in the hands of poor people and hard to get. But I will make some arrangement with you as soon as I can.     Yours truly,

"D. EDWARDS."

"EPWORTH, May 2, 1872.

"I acknowledge I ought to have come or written before this time. I have been laid up with rheumatism a great part of

April. I have just got to work, and I want to get my crop in the ground and then I will come and see you and make some arrangements with you.

"Mr. Roberts' decision was that I could beat you, but I have not much faith in it, though he said I had better pay $100 than to make a defense.

"So you please hold on till I come and we will make it all right.　　　　　　　Yours truly,

"D. EDWARDS."

The testimony shows that these letters refer to the claim based upon the judgment in suit, and that they were written in response to letters making a proposition for compromise or settlement for a sum less than was claimed to be due upon the judgment.

The statute provides that "causes of action founded on contract are revived by an admission that the debt is unpaid, as well as by new promise to pay the same. But such admission, or new promise, must be in writing, signed by the party to be charged thereby." Code, § 2539.

We are to determine whether these letters contain a promise or admission contemplated by this statute. It is very plain that not one word admitting the debt to be unpaid is found in the letters. Discussion cannot make this proposition plainer. It is equally clear that the letters contain no promise to pay the debt. There is a promise "to make some arrangements" with the attorneys; but this is clearly a promise, not to pay the debt, but to compromise it by payment of a part of it. Such a promise, we believe, cannot be regarded as a promise to pay the debt, which will take the case out of the operation of the statute of limitations. See Angell on Limitations, pages 227, 232, sections 219, 231, and cases there cited. We do not understand that this position is disputed. We believe the rule to be, without any exception, that a party shall never be prejudiced or estopped to deny a claim against him by an offer to compromise. It

may be that, at a time when the courts looked with disfavor upon the statute of limitations, decisions not in accord with this rule were made, but if such decisions be found, they are not in harmony with the modern cases.

We reach the conclusion, which is very satisfactory to our own minds, that the letters referred to in this instruction of the court do not contain an admission that the debt is unpaid, or a promise to pay it. The instruction, in our opinion, is clearly erroneous.

III. The defendant demurred to the amended petition, setting out a copy of the letters, on the ground that the matters therein contained do not constitute a new promise in writing as contemplated by the statute. This demurrer was overruled, and thereupon the defendant answered, alleging, among other matters, that no action accrued to plaintiffs by reason of the matters pleaded in their petition at any time within the twenty years previous to the commencement of the action.

The counsel for plaintiff insist that as defendant did not stand upon his demurrer, but answered over, the objection presented by the demurrer cannot be raised by evidence, or by instructions to the jury. Counsel, therefore, insist that defendant cannot rely upon the statute of limitations.

But the ready answer to counsel's position is this: Defendant, after the ruling upon the demurrer, did set up the bar of the statute of limitations in the answer, to which plaintiffs made no objection. If the answer was not proper, or did not sufficiently plead the statute of limitations, plaintiffs should have assailed it in a proper way on the ground of these defects. This was not done. The answer pleading the statute, therefore, put in issue the question of fact whether the letters are such writings as will remove the bar of the statute. It clearly appears that the court understood that the pleadings raised this issue, for the very instruction which we hold erroneous was given to guide the jury in determining it. They were directed to inquire whether the letters referred

to the judgment sued on, and were informed that, if the jury so found, they contained an admission that the defendant is unpaid.  The position of plaintiff's counsel under consideration is not sound.

As the conclusion we reach, that the letters referred to in the court's instruction do not remove the bar of the statute, is decisive of the case, other questions discussed by counsel need not be considered.  The judgment of the Circuit Court must be

REVERSED.