THE GREAT WESTERN PRINTING CO. v. TUCKER ET AL.

1. **Practice:** COUNTER-CLAIM IMPROPERLY PLEADED: OBJECTION TOO LATE. In an action upon an account stated, where defendant pleaded a counter-claim which accrued prior to the settlement, and plaintiff denied the allegations of the counter-claim, and the case was fully tried on the issues thus joined, *held* that it was too late to raise the objection that the counter-claim was improperly pleaded, either by a motion for the court to instruct the jury to bring in a verdict for the plaintiff, or by a motion for judgment for the plaintiff notwithstanding the verdict. (Compare cases cited in opinion.)

*Appeal from Keokuk Superior Court.*

FRIDAY, OCTOBER 7, 1887.

THIS is an action at law founded upon a settlement on account stated between the parties. The defendants answered by a qualified admission of the statement as claimed in the petition, but such admission was subject to a counter-claim in which they set up what appears to be an independent cause of action against plaintiff for failure to perform a contract by which plaintiff was bound to furnish defendants an engraving, and a large amount of printing and bills and pictorial cuts, for advertising a show. The plaintiff, by way of reply, denied the averments of the counter-claim. There was a trial by jury, and a verdict and judgment for the plaintiff for a much less amount than it claimed, and it appeals.

*W. J. Roberts*, for appellant.

*Anderson, Davis and Hagerman*, for appellees.

ROTHROCK, J.—I. The case comes to us upon alleged errors in instructions given by the court to the jury, and for a refusal to give certain instructions requested by the plaintiff. The abstract does not contain any of the evidence introduced upon the trial, and there is no statement in the abstract as to any fact which the evidence tended to prove.

The principal ground upon which we are asked to reverse the judgment is that the plaintiff was entitled to a judgment on the pleadings, no matter what the evidence in the case was. The counter-claim shows that it accrued before the settlement or account stated between the parties. Counsel for appellant contends that it was not competent for the defendants to plead the counter-claim as against the settlement. But the plaintiff made no objection to the answer and counter-claim. No attack was made upon the pleading by motion, demurrer, or otherwise. Instead of objecting to its sufficiency, the plaintiff denied the same by a reply. The cause was fully tried, and, as we infer from the instructions to the jury, the respective claims of the parties as to the merits of the counter-claim, under the general denial thereof, were fully presented to the jury. The first claim made, that plaintiff was entitled to judgment upon the pleadings, was an instruction requested to be given by the court to the jury to the effect that they should find a verdict for the plaintiff for the full amount claimed; and after the verdict the plaintiff made a motion for a new trial, and for judgment as claimed in the petition, notwithstanding the verdict.

We need not determine the question as to whether a party to an account stated may set up a cause of action by way of counter-claim, in a suit by the other party upon the account stated. The plaintiff's counsel concedes that it may be done by pleading and showing fraud or mistake. For aught that appears in this case, the plaintiff made no objection to any of the evidence in support of the counter-claim. The fact that he took issue thereon, and went to trial without objection to the pleading, and by a mere denial of the facts set up therein, leads to the conclusion that it was the purpose of the defendant to waive any objection to the pleading; at least, this must be so in the absence of a motion in arrest of judgment. In *Wilson Sewing Machine Co. v. Bull*, 52 Iowa, 554, it was held that where a case has been tried, without objection, upon the theory that certain issues were involved, a

party cannot claim on appeal that no such issues were tendered by the pleadings, and that the evidence bearing thereon was improperly admitted. And in *Young v. Broadbent*, 23 Iowa, 539, it was held that an objection, apparent on the face of the pleadings, which might have been taken advantage of by demurrer, cannot be raised for the first time in an instruction to the jury after a trial upon the merits. See, also, *McIntire v. McIntire*, 48 Iowa, 511.

II. Objection is made to the rule adopted by the court in an instruction as to the measure of damages to the defendant upon the counter-claim. We think there was no error in this respect. AFFIRMED.