## BENJAMIN v. VIETH.

Pleading : SUFFICIENCY OF ANSWER : WAIVER. In an action to recover for rent of premises after their destruction by fire, defendant answered that no demand for such rent was made prior to the beginning of the suit. The sufficiency of this answer as a defense was not questioned, and there was evidence to support it, and judgment was for defendant, *Held* that its sufficiency in law was thus admitted, whether it was sufficient or not, and that it was too late on appeal to insist that such demand was not necessary to enable plaintiff to maintain the action.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

FILED, MAY 17, 1890.

ABOUT the tenth day of July, 1887, the following instrument was executed:

"LEASE.

"This agreement witnesseth that Margaret R. and T. J. Moore have this day leased to Herman Vieth all the buildings on lots 17 and 18, in block 6, Oakland, Iowa, for the period of one year from March 1, 1887, at the monthly rental of $12.50, in advance, on the first day of each month. Herman Vieth agrees to take and pay for said premises for said term one hundred and fifty dollars at the times above specified; to use the same as an agricultural implement stand, or for any other lawful purpose; to use due care and diligence in the protection of said property; to surrender up the same on the expiration of the term in as good condition as at present, ordinary wear and tear and unavoidable accidents excepted.

"[ Signed ]     MARGARET R. MOORE,
"T. J. MOORE,
"HERMAN VIETH."

In pursuance of said lease, the defendant took possession of said premises, and occupied them, and paid the rent till the twenty-eighth day of May, 1887, when the building was burned. No rent was thereafter paid. The claim for rent was assigned to plaintiff, and she brings this action to recover under the foregoing facts. The answer, as originally filed, was a general denial, and also averred facts to show that the lease should be so reformed as to terminate it, if the building was destroyed by fire. On the issues thus formed, the cause was transferred to the equity side for trial as an equity case. At the close of the testimony the defendant amended his answer to conform to the testimony, by averring "that neither T. J. and M. R. Moore, or either of them, nor this plaintiff, ever demanded any rent of the defendant under said lease prior to the commencement of this action." Upon the issues thus presented the district court found for the defendant, and from a judgment dismissing plaintiff's petition she appeals.

*Fremont Benjamim*, for appellant.

*E. A. Babcock* and *C. H. Converse*, for appellee.

GRANGER, J.—As to the claim in the answer for a reformation of the lease, appellee concedes in argument the insufficiency of the testimony to sustain the claim, and it is to be disregarded. This leaves the issue upon the general denial and the amendment to the answer filed at the close of the testimony. This amendment must be understood as a distinct division of the answer, for it makes no reference to the other divisions, nor is it pertinent to the subject-matter of the others. It is pleaded as a defense, and its sufficiency is not questioned, and hence any objections to it are waived. We need not refer to authorities to support this rule, for appellant in this case invokes the aid of the same rule for the protection of her petition, saying that, as it is not attacked by demurrer, it admits "that the plaintiff

has a cause of action." The same rule obtains as to the answer. If unassailed, it is an admission that it states a defense. It is only necessary, then, to inquire if the defense stated in the amendment filed at the close of the testimony has support in the record, and, if so, it is conclusive of the case. In argument it is said by appellee that no such demand was made, which appellant does not question, but contends that the demand was not necessary, and that suit could be maintained without demand. If we concede the correctness of the proposition as an abstract one, it cannot affect the result in this case, for the objection or point should have been made against the pleading, as the defect was clearly apparent on its face, and, if not so taken, it is waived. These rules are familiar. The defense seems to have support, and the judgment must stand. It may be added that the opinions of a majority of this court are not in harmony with appellant's view on the main proposition of the case as argued in her behalf.

AFFIRMED.