No. 15,776.

## THE INDIANAPOLIS CHAIR MANUFACTURING COMPANY v. SWIFT.

ATTORNEY AND CLIENT.—*Action for Legal Services.— Verdict.—Evidence to Sustain.—Excessive Recovery.*—In an action by an attorney against a corporation for the value of legal services, a judgment in favor of the plaintiff will not be reversed for the want of evidence to support it, where the record of the action in which the services were claimed to have been rendered showed that plaintiff appeared as attorney for the corporation, and filed an answer signed by him as its attorney, and he testified that he was employed by the corporation and rendered the services for it. Neither will the judgment be reversed on the ground that the amount of the verdict is too large, there being evidence to support the verdict.

From the Marion Superior Court.

*G. W. Stubbs* and *C. E. Averill,* for appellant.

*F. Winter* and *J. B. Elam,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant for the value of his services as an attorney rendered to the appellant in an action wherein one Frank E. Helwig was plaintiff, and the appellant, the Indianapolis Chair Manufacturing Company, and others, were defendants, in which action the plaintiff sought to have a receiver appointed to take charge of the assets of the corporation and wind up its affairs. The action was commenced in the Marion Superior Court, an appeal was taken to the general term and from there an appeal taken to the Supreme Court. After the cause had been briefed and orally argued in the Supreme Court, there was a settlement made between the parties.

In this cause there was a trial, verdict and judgment in favor of the appellee.

A reversal of the judgment is sought for the reason that the evidence is not sufficient to support the verdict.

The president of the company was a party defendant in

the original action, and the appellee appeared and filed an answer for him, as well as for the corporation.

The record in that cause is put in evidence in this, and it is in effect contended by counsel for appellant that the record in the original cause conclusively shows the appellee to have appeared for and acted solely as the attorney for the president of the corporation, and not as the attorney of the corporation. We can not agree with this theory. The name of the appellee appears to the answer of the corporation as one of its attorneys in that cause, and the appellee brings this action for the value of his services rendered as attorney for the corporation, and he testifies as a witness, in his own behalf, that he was employed as the attorney of the corporation and rendered the services for it. There is no such case presented as will authorize this court to reverse the judgment on account of a failure of the evidence to support the verdict.

It is further contended that there should be a reversal, for the reason that the amount of the verdict is too large; that the evidence does not sustain the amount of the verdict. A number of witnesses testify as to the value of the appellee's services, some of them place the value greater than the amount of the verdict, and some at a less amount. There was also some discrepancy relating to the amount of services rendered as stated in some of the hypothetical questions, and as shown by the evidence. The province of the jury was to apply the evidence as to the value to the evidence as to the amount of the services rendered, and return a verdict for the value of the service they find to have been rendered. There is clearly evidence sufficient to support the verdict as to the amount.

There is no error in the record.

Judgment affirmed with costs.

Filed Sept. 15, 1892.