LEVI VAN SICKLE, Appellant, v. C. L. KEITH, Appellee.

88    9
100    393

88    9
136    705

1. Pleading: DIVISION INTO COUNTS: RELIEF. Where, in an action to recover the possession of a strip of land, involving a dispute as to the boundary line between two adjoining proprietors, the plaintiff alleged in his petition, in the same count, and mingled with the allegations for recovery because of ownership, that he had been in adverse possession of said land for twenty-five years or more, and that the line upon which a division fence stood, and which the defendant had removed, had during that time been the recognized and accepted line between the plaintiff's line and that of the adjoining proprietor, held, that the allegations must be considered as pleaded in aid of other allegations in support of the legal title, and should be treated as surplusage; and that, if they were intended as a distinct basis for recovery, they should have been pleaded independently.

2. Title to Real Estate: EVIDENCE. Testimony of the plaintiff in such action that when he bought his land, a former proprietor of the adjoining premises pointed out the corners to him, and helped build the fence in question with reference to such corners, and on the line where it had ever since been kept, held, incompetent to prove title in the plaintiff.

3. ———: ———: PLEADING. The insufficiency of facts pleaded as a defense to an action can not be raised for the first time by objections to the evidence.

4. Agency: PROOF. The fact of agency may be established by the testimony of the alleged agent.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

FRIDAY, MAY 12, 1893.

THE plaintiff is the owner of eighty acres of land in the north half of the north half of section 10, township 82, range 1 west. One A. H. Beddow was the owner of land adjoining it on the south, being in the south half of the north half of said section. A. H. Beddow is deceased, and his widow and daughter are the owners of the land. The daughter is the wife of the defendant. A controversy arose about the dividing line between the lands owned by the parties, and the possession of a strip of land along the line, nineteen feet wide at one end, and thirty-nine feet at the other, is the subject of contention in this suit. For twenty-five years this strip of land had been inclosed as that of the plaintiff. In 1890 the defendant took possession of this strip of land and removed the fence to the north side of it, thus bringing it into the inclosure of the land belonging to his wife and her mother. The action is to recover possession of the strip of land, and for damages for the wrongful possession, and for use of the same. There was a verdict and judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*J. W. Jamison* and *R. G. Cousins*, for appellant.

*Wheeler & Moffatt*, for appellee.

GRANGER, J.—I. The parties in argument are in contention as to the character of the action; that is,

**1. Pleading: division into counts: relief.** whether it is an action of right or for trespass. The petition contains but a single count, and the allegations of fact are of ownership and right of possession by the plaintiff, of wrongful possession taken by the defendant, and of the damage sustained. The prayer is for judgment for the possession of the land, that a writ issue therefor, and also for the damages sustained because of the wrongful act of the defendant. No objection was made to the form of the pleading, and it is a case of two causes of action pleaded in one count. The particular character of the action is important in settling a disputed question of evidence. We think the controlling issue in the case is that for the possession of the land, and the right of possession depends upon ownership. The question resolves itself to this: Who holds the legal title? Such holder is entitled to possession, and, if the right of possession is with the plaintiff, he has been wrongfully deprived of it, and is entitled to damages. If the plaintiff is not the owner of the land, there was no trespass, and hence no damage.

We may also, in this connection, settle another question of pleading or contention as to the issues. The petition contains allegations as to adverse possession of the strip of land for twenty-five years or more, and that the line on which the fence was, during that time, was the "recognized and accepted line between the plaintiff's land and that of Beddow." The appellant's view is that, aside from the legal title, he would be entitled to recover because of such possession. The allegations as to adverse possession are mingled with those for a recovery because of the ownership of the land as a part of that purchased by the plaintiff, and within the same congressional division. If such allegations were intended as an independent basis of recovery, as now contended, they should have been pleaded independently, as the rules of pleading

contemplate. Besides, they are not sufficiently pleaded to be a separate basis for recovery. We notice this fact only in determining the original intent of the allegation. Being a part of a count sufficient because of other allegations, they are not demurrable, and this fact should lead us to resolve the doubts against the pleader. We think the allegations were designed only in aid of other allegations in support of the legal title, and should be treated as surplusage. This conclusion will be aided by the question now to be considered.

II. The plaintiff, on his direct examination, gave testimony of conversations and acts of himself and A. H.

2. TITLE to real estate: evidence. Beddow, in his lifetime, in regard to the line and the fence maintained thereon, such as that they traced the line and built the fence where it had been kept, and Beddow, when the plaintiff bought his land, pointed out the corners to him and helped build the fence with reference to the corners pointed out. On a redirect examination, the following testimony was given: "*Question.* Upon cross-examination you were asked a question by Mr. Wheeler as to whether you claimed any land in any other way except under your deed, and to that question you answered, 'No.' Now state what line, and to what extent, you claimed to under the deed. *Answer.* The original line. *Question.* What do you call the original line? *Answer.* The old line between Beddow and me." The defendant's counsel then moved the court to strike out all of the plaintiff's testimony on the direct examination which referred to personal transactions or conversations between the plaintiff and Beddow, which motion the court sustained. The ruling was based on the provisions of Code, section 3639, because Beddow was, at the commencement of the action, deceased. We need not inquire as to whether or not the reason was good. We think the ruling correct, because the testimony

was incompetent to show title in the plaintiff. His statements of his claim are in harmony with our construction of the original purpose of his pleading, which is that he only intended to claim title to the "original line," what he owned under his deed. It is now urged that, if the evidence was competent, it was material and important, "because it showed an agreement between the parties that the division fence should constitute the boundary line, and ten years' possession made conclusive the plaintiff's right." The pleadings, as we have said, presented no such issue, and the ruling was not erroneous. The district court seems to have had the same view entertained by us as to the effect of the pleading, and stated to the jury that the plaintiff's claim was that he had been deprived of the use of the land, of which he had "had peaceable and uninterrupted possession and title for more than twenty-five years." He made no claim to a right of possession independent of his title. No question of a right of recovery, merely because of possession, was submitted to the jury.

III. The court permitted the defendant to give testimony, in justification of his acts in taking possession of the strip of land, that it belonged to his wife and her mother. It is said that "it was not competent for the defendant to justify his wrongful acts by reason of the title of another;" and reference is made to *Williams v. Swetland*, 10 Iowa, 51. Without comment upon the applicability of the case, we need only say the testimony was in direct support of the justification pleaded. If the pleading was insufficient as a defense, it should have been challenged by demurrer, and not by objections to the testimony to support it. See *Brenneman v. Edwards*, 55 Iowa, 374; *Printing Co. v. Tucker*, 73 Iowa, 755; *Benjamin v. Vieth*, 80 Iowa, 149.

IV. The defendant was permitted to testify that

3. —: —:
   pleading.

he was the agent for his wife and her mother in taking possession of the land. It is urged that it was error to admit this evidence, on the ground that his testimony was incompetent to prove the fact of agency. This is a misapprehension of the rule. It is the rule that the declarations of the agent are not competent to establish the fact of his agency, and the authorities cited are to that effect. But the declarations of the agent and his testimony to prove the fact are quite different. We know of no rule against the agency being established by the testimony of the agent.

**4. AGENCY: proof.**

The other assignments argued pertained to the action of the court in its instructions, whereby the inquiry was limited to what "was the true boundary line between the north and south halves of section 10," and thereby excluded the question of adverse possession. This action of the court accords with our view of the issues as before expressed, and the point needs no further consideration. The judgment is AFFIRMED.