MARTIN & TURNER, V. WIDNER, McKENZIE & COMPANY, Appellant.

**Rescission for Mistake: Unchallenged Pleading.** Where issue is joined, by reply, on a defense that a contract was entered into by defendant though mistake of fact, and the jury finds, specially, that such mistake was made, a general verdict for plaintiff giving damages for the breach of said contract, should yield to the special finding.

**Motion Non Obstante,** undisputed facts may be considered, in passing upon.

*Appeal from Taylor District Court.*—HON. W. H. TEDFORD, Judge.

SATURDAY, MAY 26, 1894.

ACTION on contract to furnish bridge irons. Judgment for plaintiff, and defendant appealed.—*Reversed.*

*Mark Atkinson, J. E. Barngrover,* and *Thos. L. Maxwell* for appellant.

*G. B. Haddock,* for appellee.

GRANGER, C. J.—The parties are competing firms engaged in the hardware business in the town of Bedford, Iowa. One William Coppel is a carpenter and bridge builder, and in April, 1891, he was in the employ of Taylor county as a bridge builder. Being in need of certain sets of bridge irons, he applied to both of said firms for prices. His dealings with the defendant firm were with Mr. Widner. When applied to, Widner told Coppel that he was not prepared to give prices then, but that he expected a wholesale man that day, and then he would fix a price. While Coppel was there, the wholesale man (Slaughter) came and Widner handed him the specifications, and told him

"to figure on it." Soon after, Widner gave to Coppel the price at ten dollars per set for three sets. Coppel stated that he would see the others (meaning plaintiff). Soon after, and on the same day, Coppel informed Widner that Martin's bid was nine dollars and fifty cents. Coppel immediately left on the train, and no contract was completed. Thereafter Coppel was at plaintiff's store, when, in a talk with Martin, he was informed that his (Martin's) bid was twenty-nine dollars and fifty cents, instead of nine dollars and fifty cents, as Coppel understood it. In the conversation, Coppel told Martin that he could get the irons from Widner for ten dollars per set, and probably a little less. This Martin disputed, and asked Coppel to get prices from Widner on ten sets. Coppel went to Widner, who said that he could furnish ten sets for ninety-seven dollars, "and make some money on it at that." Coppel reported to Martin what Widner had said, and Martin asked Coppel to go back and make the purchase for him. A written contract was prepared, with Coppel as a party to it, which Coppel took to Widner, who signed it with the name of the defendant firm, whereby the ten sets were to be furnished for ninety-seven dollars, which amount Coppel then paid with money furnished by Martin. The actual value of the irons at Bedford at the time of the contract, as stated in plaintiff's petition, was two hundred and forty dollars. The price fixed by Widner to Coppel, and afterward put in the contract, was because of a mistake by Slaughter in calculating the weight of the irons, and the actual cost of the irons on board the cars at that time would have been about twenty-five dollars per set. Soon thereafter, Widner learned of the mistake, and that the irons could not be had for what he had supposed they could, and he notified Coppel, and tendered back the money, and asked to rescind the contract, when he was told by Coppel that he made

the purchase for Martin & Turner.   Coppel informed Martin & Turner of the facts, and the offer to rescind and return the money.   The firm refused to accept the money and rescind the contract, and then asked Coppel to assign the contract to the firm, which was done. This action is upon the contract to recover the value of the irons, and plaintiff has a judgment for two hundred and forty-five dollars, which we are asked to reverse.   The answer presented, as defenses—*First*, fraud in obtaining the contract, and, *second*, a mistake in its execution.   The jury found, specially, for plaintiffs on the question of fraud, and found as follows as to the mistake: "(2) Do you find that there was a mistake made in reference to the weight of the bridge irons sued for?  Answer.  Yes. (3) By whom was the mistake made, if you find any was made?  Answer.  Slaughter. (4) At whose request did Mr. Slaughter figure on the bridge irons, and to whom did he report the result of his figures?  Answer.  Mr. Widner."   The general verdict was for the plaintiff for two hundred and forty-five dollars.

Defendant moved the court for judgment in its favor on the special findings, on the ground, among others, that the general verdict is contrary to the special findings.   We think that the motion should have been sustained.   Of course, other undisputed facts could be considered by the court in passing upon the motion.   It is not to be questioned that, if the mistake as to the weight of the irons had not been made, the contract itself would not have been made.   With the facts established that there was a mistake, and that the mistake gave rise to the contract as it is, we have precisely the defense pleaded in the second count of the answer.   With the sufficiency of the count as a defense we do not deal, for it clearly presents the fact of the mistake on the part of the defendant as a defense, and the count is not assailed

by demurrer or otherwise. In such a case, defects are waived, and the pleading, for the purposes of the case, is treated as sufficient. *Printing Co. v. Tucker*, 73 Iowa, 755, 34 N. W. Rep. 205; *Dunn v. Wolf*, 81 Iowa, 688, 47 N. W. Rep. 887; *Benjaman v. Vieth*, 80 Iowa, 149, 45 N. W. Rep. 731; *Arndt v. Hosford*, 82 Iowa, 499, 48 N. W. Rep. 981. Plaintiff made specific denial of the allegations of mistake in a reply, and it was an issue involved in the trial. There is really nothing to elaborate. The defense pleaded is proven, and the facts are found in defendant's favor, which, with other facts not open to dispute, entitle defendant to a judgment for costs. It is gratifying to us that the condition of the record is such that the law is not made an instrument for the enforcement of rights obtained in so unfair a manner, for the record shows that the contract was obtained more with a view to injure a rival in business than for legitimate gains in trade. Competition in trade has the sanction of the law, and is to be encouraged, but when tainted by deception or unfairness, and the law is invoked for the protection of rights secured in such a manner, the petitioner should not complain if he is held to a strict regard for the forms and methods of procedure by which they are to be protected. The cause is remanded to the district court, with instructions to enter judgment for defendant for costs. REVERSED.