## CHAPMAN & ERWIN, Appellants, v. ORVILLE JAMES.

**Practice:** EVIDENCE: *Fraudulent Conveyance.* One mortgagor sold his interest to the other. The mortgaged property was attached. On contest between the mortgagee and the attachment plaintiff the latter averted fraud and *conspiracy* between the mortgagor and the mortgagee. *Held:*

a. It was proper to ask the mortgagor to whom said interest was sold, how he disposed of said property and other, to his wife and others, soon after the conveyance.

b. And to allow full cross-examination of vendor.

c. To admit declarations made by vendor in the absence of vendee on vendor's fraudulent intent.

DISCRETION. It is discretionary to allow the recalling of a witness for plaintiff who was excused without cross-examination, to be cross-examined, after plaintiff rests.

HARMLESS ERROR. Admitting evidence afterwards taken from the jury.

**Plea and Proof.** Under an allegation that defendant wrongfully took and holds property under pretence of a levy, which is met by an admission that defendant claims under the levy and an averment that a conveyance of that property was fraudulent, the validity of the levy is in issue and proof of that no notice of seizure was served, should be admitted.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

### FRIDAY, OCTOBER 25, 1895.

Plaintiffs state as their cause of action that on the twenty-sixth day of August, 1893, Henry Neble and Fred Boese executed and delivered to them a chattel mortgage upon thirty head of cattle described therein, of the actual value of seven hundred dollars, to secure payment of a promissory note for six hundred and fifty dollars, no part of which has been paid;

that the defendant has taken possession of and wrongfully detained said property under pretense that he has levied certain writs of attachment thereon, and that the same is the property of Fred Boese. Plaintiffs aver that prior to the pretended levies Boese had sold said cattle to Neble by bill of sale, and that the defendant and his principal had actual notice of said bill of sale and of said mortgage. They aver that prior to the commencement of this action they served notice, under oath, of ownership, upon the defendant. They ask to recover seven hundred dollars, with interest and attorney's fees. The defendant answered, claiming said property under certain levies made by him, as sheriff, of certain writs of attachment against the property of Fred Boese. He alleges that he was in possession of said property under said levies at the time the mortgage to plaintiffs was executed; that the conveyance of property by Boese to Neble was made when Boese was known to be insolvent, for the purpose of defeating and delaying the creditors of said Boese, and of concealing said property from them; and that said mortgage was voluntary, and without consideration. Defendant denies that plaintiffs "made the legal and required service of ownership or claim for said property as required by law." The case was tried to a jury, and a verdict returned in favor of the defendant. Plaintiff's motion for a new trial was overruled and judgment entered upon the verdict. Plaintiffs appeal.—*Reversed.*

*H. F. Schultz, T. H. Chapman,* and *C. A. Irwin* for appellants.

*A. D. Bailie, H. F. Galpin, 1. W. Bane, T. D. Higgs,* and *James De Land* for appellee.

Given, C. J.—I.   Plaintiffs complain of certain rulings of the court made in taking the testimony The contentions were whether the sale from Boese to Neble, and the mortgage from Boese and Neble to the plaintiffs were fraudulent, and whether the levies made by the defendant were made as required by law. The plaintiffs called and examined Boese as to his executing the bill of sale to Neble and the mortgage to the plaintiffs; also as to where the cattle were being kept in pasture, the contract under which they were being pastured, that they were taken by the defendant, and their value.   The witness was excused without cross-examination, and, after the plaintiffs rested, the defendant was permitted, over their objection, to recall Boese for cross-examination.   It was within the discretion of the court to permit this, and we do not see that there was any abuse of that discretion.   On this cross-examination the defendant was permitted, over plaintiff's objections, to inquire who was present at the time the bill of sale was made, the consideration received therefor, the disposition made by him of the funds received, whether at the same time he made a deed of real estate to Neble, and other matters relied upon to show the fraud alleged.   The evidence thus elicited was all material, but plaintiffs contend that it was not proper cross-examination.   In view of Boese's relations to the transaction in question, and his examination in chief, a wide latitude within the range of material facts was allowable on his cross-examination. The most liberal range was allowed, but we do not see that plaintiffs were prejudiced by it.   Defendant's inquiries were as to material facts, and in the form that defendant might have pursued had he called the witness as his own.   We do not think there was any error in permitting the cross-examination as it was.

II.   Defendant was permitted to prove, over plaintiff's objections, statements made by Boese, in the absence of the plaintiffs, tending to show the fraudulent intent alleged on the part of Boese.   The court instructed that this evidence should only be considered in determining the intention of Boese in conveying his property to Neble, and that it should not be considered in determining whether Neble was connected with such fraudulent intent, if there was any.   One of the allegations to be established was a fraudulent intent upon the part of Boese. These statements were made shortly before the transactions in question.   They were admissible for the purpose of showing the intent of Boese, and, guarded as they were in the instructions, could not have been prejudicial to the plaintiffs.

III.   Defendant called Henry Neble as a witness, and was permitted over plaintiff's objections, to inquire of him as to the disposition made by him of his property, including that received from Boese, to his wife and others soon after the conveyance from Boese to him.   Plaintiffs cite the rule that declarations of a grantor after he has parted with title are not admissible against his grantee, and contend that evidence as to Neble's disposition of his property was inadmissible.   "An exception to this rule is where the grantor and the grantee conspire together to defraud third persons."   *Allen v. Kirk*, 81 Iowa, 664 (47 N. W. Rep. 906).   It is alleged that Boese and Neble so conspired, and that the mortgage to plaintiff was voluntary, and without consideration. This evidence tends to support the charge of conspiracy, and the transactions proven were so connected in point of time and circumstances as to constitute a part of the *res gestae*, and were admissible.

IV.   Two witnesses were examined, over plaintiff's objections, as to conversations had with Boese,—

one after the bill of sale to Neble, and before the mortgage to plaintiff's, and the other after both had been executed and delivered. The court afterwards withdrew this evidence from the consideration of the jury, and there was, therefore, no prejudice to the plaintiff in the ruling admitting it.

V.   On the trial the plaintiff sought to prove that no written notice of the attachments was given to the attachment defendant, nor to those in possession of the attached property, which evidence was excluded. The court seems to have proceeded in its rulings and instructions upon the theory that the validity of the levies was not in issue, and that the controlling question was as to the validity of the sale from Boese to Neble. That, if that sale was valid, it divested Boese of the property before the levies, and therefore defendant took nothing by the levies, and, if invalid, he did as against plaintiffs, whose mortgage was made after the levies. Plaintiffs alleged that defendant wrongfully took and held possession of the property under pretense that he had levied upon it as the property of Boese. Defendant answered that he claimed the property under the levies made as per returns of the writs as set out. No reply appears in the record, but it is said in the instructions that "the plaintiffs, for reply to defendant's answer, say they deny that any valid levy of attachment on the property in controversy was made by the defendant." If there was no reply, the answer stood as denied, and it therefore seems to us that the validity of the levies is in issue, and that the court erred in not receiving evidence as to whether written notice of the levies was given. Plaintiff's mortgage was valid as to the parties to it, and defendant's right to the property rests entirely upon the validity of his levies. If they were not valid, they gave him no right,

and as to him the plaintiffs were entitled to the property. For the error indicated the judgment of the district court is reversed.—*Reversed*.