FREDRICK KLOTZ, Appellant, v. ORVILLE JAMES, Sheriff.

Practice Supreme Court: WAIVER. An allegation in an answer in an action to recover personal property setting up fraud in a sale a reason why defendant should have possession, to the sufficiency of which no objection is made, will be taken as a defense, and a finding by the jury of such fraud, is conclusive on appeal, of the right of possession. See 96 Iowa, 1.

ON RE-HEARING. This language should be construed as limited to the facts of this case.

WEDNESDAY, FEBRUARY 12, 1896.

SUPPLEMENTAL opinion.

GRANGER, J.—A petition for re-hearing was filed in this case, which we examined; but, before our conclusion was announced, the parties stipulated for judgment, and dismissed the petition for a re-hearing. To avoid any misapprehension as to some language in the opinion as to the rights of a fraudulent grantee of property, we present the following as supplemental to the opinion:

The language of the opinion is based on the condition of the record. The second division of the answer is an attempt to plead an affirmative defense to the action for possession, and for that purpose it simply sets up the fact of the fraud in the sale of the property. Issue is taken thereon, without any question as to its sufficiency. This court has held that facts so pleaded, and unquestioned, are to be taken as a defense. *Benjamin v. Vieth*, 80 Iowa, 149 (45 N. W. Rep. 731). The district court followed the issues and presented the case to the jury on the theory of the fact of fraud being a complete defense. The instructions, in this particular, are not questioned, and they

VOL. 97 Ia—22

stand as the law of the case. The former consideration of the case was upon this condition of the record, which is controlling; and any language of the opinion which might, apparently, be of broader scope, is to be considered with reference to the facts of the case. Under the issues, and the law governing the case, the finding of fraud became conclusive of the right of possession. The case of *Chapman v. James*, 96 Iowa, 233 (64 N. W. Rep. 795), is not determined on a like record.