AMERICAN EXPRESS COMPANY vs LANKFORD.

Opinion delivered June 9, 1898.

1. *Husband and Wife—Presumption as to Agency of Husband.*

It will be presumed that the husband acts as the agent of the wife when the wife accepts the benefits resulting from the transactions of the husband.

2. *Testimony of Husband to Establish Agency.*

The husband is a competent witness to testify that he acted as the agent of his wife.

3. *Ratification by Wife of Act of Husband.*

Plaintiff's husband brought suit in his own name and that of his

wife. Defendant showed on cross-examination of the husband that he had no interest in the subject matter and by motion struck his name from the complaint. The suit then proceeded in the wife's name alone. *Held*, This was a ratification of all the husband's prior acts therein.

On rehearing. Judgment affirmed.

For former opinion, see 1 Ind. Ter. 233.

SPRINGER, C. J. This case was decided by this court April 2, 1897. The opinion of the court is printed in 1 Ind. Ter. 233-244. At a subsequent term of the court a petition for rehearing was granted, and the case was reheard at the January, 1898, term, on oral argument, and resubmitted on tne original briefs, with additional citations of authority. The principal contention of counsel for the American Express Company, appellant in this case, urged as a ground for reversing the decision of the court, is on account of the statement in the opinion that the husband is the natural and presumptive agent in law of the wife. This statement was limited by the one which immediately follows in the opinion, viz.: "The agency of the husband will be implied when the wife accepts or makes an effort to secure the benefit resulting from the transactions of the husband, the circumstances and tendencies of proof in view of the relationship of the parties indicating an agency, or when the husband is the ostensible agent of the wife. Milligan vs Davis, 49 Iowa 126,"—and by section 4637 of Mansfield's Digest.

Agency of husband implied.

Exception was also taken to the following statement in the opinion of the court: "It was also competent for Lankford to testify to the fact of his agency, which he did, and stated that he was acting as the agent of his wife." The opinion cites section 2859 of Mansfield's Digest, which states under what circumstances the husband or wife may testify for or against the other. Section 4637 of Mansfield's Digest

is as follows: "The fact that a married woman permits her husband to have the custody, control and management of her separate property shall not, of itself, be sufficient evidence that she has relinquished her title to said property; but in such case the presumption shall be that the husband is acting as the agent or trustee of the wife." The object of this section was evidently for the purpose of preventing the wife from being deprived of her separate property by reason of the fact that her husband, acting as her agent, exercised control over it. Such control of the husband is, by this statute, made merely presumptive evidence of the fact that he is acting as the agent of the wife, and must not, therefore, be considered as evidence of his individual ownership. In this case on the rehearing counsel contended that the husband could not be a witness to his own agency. Both the principal and agent are competent witnesses as to the existence or non-existence of the relation of principal and agent, the admissions of the former being also competent evidence. Collins vs Lester, 16 Ga. 410; Van Sickle vs Keith, 88 Iowa 9, 55 N. W. 42; and numerous authorities cited in note 4, 1 Am. & Eng. Enc. Law (2d Ed.) 969. In the same authority it is stated, "The agent also is permitted to testify as to his appointment." Manufacturing Co. vs. Swift, 132 Ind. 197, 31 N. E. 800. It is stated in a note to section 63, Mech. Agcy., that the fact of the husband's agency for his wife cannot be established by his declarations. Counsel for appellant in this case cite this authority as sustaining their contention. The agency of the husband, however, in the case at bar, is not established by the declarations of the husband, which means his unsworn statements out of court, but it has been established by his testimony in court, under oath, which is a very different thing. The general rule as to the husband's right to act as the agent of his wife is well stated in McLaren vs Hall, 26 Iowa 297, and is as follows: "The husband may act as the agent for the wife.

In order to bind her, however, he must be previously authorized to act as her agent, or she must subsequently, with express or implied knowledge of his act, ratify it. " In this case the husband testified that he was acting as the agent of his wife, and it was at appellant's instance that the name of J. D. Lankford was stricken from the case because he had no interest in it. Counsel for appellant contended that Lankford did not pretend to act as the agent of his wife at the time the articles were shipped, but for himself, and that when the suit was brught they were joined as co-plaintiffs, and they insist that he cannot at this time claim that he was then acting as agent of his wife. Whether J. D. Lankford was the agent of his wife or not is a mixed question of law and fact. He was not a lawyer. He stated his case to his attorney, and the attorney joined him as a party by reason of the fact that he was the husband of his wife. But when he was interrogated by counsel for appellant on the trial of the case he stated that he had no interest in the matter; that he was merely acting as the agent of his wife. Thereupon counsel for appellee, by leave of court, amended the complaint by str king out the name of J. D. Lankford and wife and inserting the name of Mrs. E. Lankford as plaintiff. Counsel now content that Mrs. Lankford has not formally ratified the acts of her husband as agent. She immediately ratified his acts by continuing the case in her own name, and asking the benefits to accrue to her from his action; and she has continued to insist that she is entitled now to receive compensation for the property which has been lost, and which was placed in the custody of the express company by her husband, acting, as he says, for her as her agent. We see no error in the opinion of the court as originally handed down in this case and therefore the judgment of the court below is again affirmed.

*Amendment. Ratification.*

CLAYTON, THOMAS, and TOMNSEND, JJ., concur.