D. M. OSBORNE & COMPANY, Appellant, v. S. H. METCALF, Sheriff, AND BENTON COUNTY SAVINGS BANK.

**Pleading:** SUFFICIENCY OF PETITION: *Conversion.* Where a petition stated that a sheriff, pursuant to directions from a co-defendant bank, sold goods in his possession, and that the defendants wrongfuly converted the property, such averments sufficiently stated a cause of action against the bank.

AMENDMENT: *Costs.* Where a petition sufficiently stated a cause of action, the filing of a subsequent amendment thereto would not affect the costs taxable against defendant.

**Appeal:** DEFECTIVE PLEADING: *Objection below.* Where a defendant went to trial on an original petition without objecting to its sufficiency, it waived its right to claim on appeal that no cause of action was therein set out.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

SATURDAY, DECEMBER 22, 1900.

IN its inception this was an action in replevin without bond, which is our statutory substitute for the common-law action of detinue, against defendant Metcalf as sheriff, claiming a right to the possession of certain mowers. Afterwards a substituted petition was filed, counting in trover for the value of the mowers, and making the Benton County Savings Bank a party defendant. In this pleading plaintiff claims to be the owner of the mowers, and alleges that they were levied upon by defendant sheriff under a writ of attachment issued in an action wherein the Ben-

ton County Savings Bank was plaintiff and the firm of Miller & Sons were defendants; that notice was served on the sheriff of plaintiff's ownership, but "notwithstanding such notice and demand for the release of said property, said sheriff proceeded to make sale of said property pursuant to directions from his co-defendant, and the said sheriff and his co-defendant wrongfully and unlawfully converted said property to their own use." Judgment is prayed for its value. The defendants, answering, admit that Metcalf is sheriff; that the bank is a corporation; that the latter brought an action in attachment against Miller & Sons, and a levy under said writ was made, as averred by plaintiff. Every other fact charged is denied. Upon the trial, which was had to a jury, plaintiff's ownership of the property, and its sale by the sheriff, under a stipulation entered into between the bank and G. A. Miller & Sons, were undisputedly established. But defendants moved for an instruction to the jury in their favor on two grounds: (1) As to defendant Metcalf, that plaintiff had not given notice of its ownership to the sheriff prior to beginning the action; (2) as to the bank that it was neither alleged nor proven that it directed the sale of the property by the sheriff, or approved thereafter of his acts in that regard. The motion was sustained as to Metcalf, and a verdict directed in his favor. While considering the other branch of the motion, the court suggested to plaintiff that it had some doubt as to the sufficiency of the allegations of the petition to connect the bank with the sale of the property, and stated that plaintiff might make the petition more specific in this respect by amendment. Thereupon plaintiff filed an amendment, saying that the sale by the sheriff was made "with the full concurrence, approval, and direction of the bank." Defendant bank refused to plead to the amendment. A motion was then made by plaintiff to direct a verdict in its favor, which was sustained, and under the court's direction a verdict was returned against the bank for the value of the property. Thereafter defendant filed a motion to tax the

costs in the action to plaintiff. This motion was amended to ask only that the costs of the trial term be so taxed, and, as amended, it was sustained, and costs amounting to some $55 were taxed against plaintiff. It is from this order as to costs that plaintiff appeals.—*Reversed.*

*Matt Gaasch* and *C. Nichols* for appellant.

*Tom H. Milner* for appellees.

WATERMAN, J.—No question is made but what the proof warranted the action of the court in directing a verdict against defendant bank. It is claimed, however, in justification of the order as to costs, that the petition did not warrant the court in taking the case from the jury, in plaintiff's favor, until the amendment was filed, and that substantially all the costs so taxed had been incurred before such amendment was made. The thought seems to be that the substituted petition did not state a case against the bank. We need not follow counsel for defendants in the line of argument pursued to sustain the court's ruling. We are convinced that the substituted petition stated the same case against the bank as was made by the amendment. The averments that the sheriff sold the goods "pursuant to directions" from the bank, and that the two defendants wrongfully converted the property, are quite sufficient to make a case against the bank. Just what is alleged here seems to have been what was proven, and no complaint is made that the evidence did not show liability on the part of the bank. Indeed, we might well hold that by failure to attack the original petition, by which we mean the substituted pleading, and going to trial upon it, defendant bank has waived its right to claim that no cause of action against it is therein set out. *Benjamin v. Vrieth,* 80 Iowa, 149. As the motion to direct a verdict for plaintiff might well have been sustained before the last amendment, the filing of such pleading could not affect the costs, which should have been taxed against defendant bank.—REVERSED.