IN THE TWENTY-SECOND YEAR OF THE STATE.

HARVARD LAW SCHOOL LIBRARY.

---

PRESENT:

Hon. JOHN F. DILLON, Chief Justice.
" CHESTER C. COLE, ⎫
" GEORGE G. WRIGHT, ⎬ Judges.
" JOSEPH M. BECK, ⎭

25   9
116   526

---

## Hess *et ux.* v. Fockler *et ux.*

1. Slander: EVIDENCE. In an action of slander the defamatory words may, under our statute which allows parties to testify, be proven by the testimony of the plaintiff alone, though others were present or in hearing when the slanderous words were spoken.

2. —— SENSE IN WHICH WORDS WERE UNDERSTOOD. In an action of slander the defamatory words charged were as follows: "My table

VOL. XXV. — 2

cloths are gone, and you know where they are gone. If you will bring them back I will say nothing about it. You have got them. My husband has gone down town to get a warrant to search your house for the table cloths and imprison you." *Held*, that the words used imputed a crime, and that it was not necessary for the plaintiff to prove that they were so understood by those who heard them. Where the meaning of the slanderous words is not clear, such testimony is competent.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 3.

SLANDER; verdict and judgment for defendants. Plaintiffs appeal. The necessary facts are stated in the opinion.

*S. P. Adams* for the appellants.

*Griffith & Knight* for the appellees.

COLE, J. — The petition charges that the female defendant in presence of divers persons did maliciously and 1. SLANDER: falsely accuse the female plaintiff of stealing evidence. certain table cloths belonging to defendants, by using the following false and defamatory language of and concerning the female plaintiff, to wit: "My table cloths are gone, and you know where they are gone. If you will bring the table cloths back, I will say nothing about it. You have got them. My husband has gone down town to get a warrant against you, to search your house for the table cloths and imprison you." Answer in denial, and also setting up mitigating circumstances. The testimony was conflicting. That of plaintiffs tended to prove the speaking of the words as charged, the only direct testimony thereof being by the female plaintiff herself, while defendants' testimony was contradictory thereof. The plaintiffs asked the court to instruct the jury as follows: "If the jury believe from the evidence,

that the female defendant spoke the words, substantially
as alleged in the petition, of and concerning the female
plaintiff, in the presence or hearing of any person besides
the female plaintiff, it will be your duty to find a verdict
for the plaintiffs." Which instruction the court refused
to give as asked, but gave the same with the following
qualification, to wit: Altered by adding, "provided you
find from the evidence that the words charged have been
substantially proven by some person other than the plaint-
iff, who was present when the words were uttered, and
heard the words spoken." The plaintiffs duly excepted to
the refusal to give the instruction as asked, and to the
giving of the same as altered. The action of the court in
this particular is the only error assigned.

The plaintiff was a competent witness (Rev. § 3978);
and if the words charged were proven by her testimony
to have been spoken by the defendant in presence of
others, there is no reason why the jury, if they believed
her, might not find a verdict upon her testimony, as well
as upon that of "some person other than the plaintiff."
We are not able to discover any legal or reasonable
ground upon which the alteration can be sustained.

But it is insisted, that the words do not impute a crime,
and that it was necessary for the plaintiffs to prove what
2. —— sense was the *understanding*, by the hearers, of the
in which words used. The words charged in the peti-
words were
understood. tion to have been spoken by defendant of the
plaintiff, when given their fair and natural construction,
do impute a crime. The plaintiff is accused of having
gotten the table cloths under such circumstances as would
imprison her. Certainly she could not be imprisoned
unless she had committed a crime. While it is true that
the words shall be construed in the sense in which the
hearers understood them, it is also true that the sense in
which the hearers understood them may be determined by

the jury from the words themselves, and the facts and circumstances attending the speaking of them. *Barton* v. *Holmes*, 16 Iowa, 252. It was not, therefore, *necessary* for plaintiff to introduce as witnesses those who heard the words spoken, and prove by them the sense in which they understood them; although, where the meaning is not clear, such testimony is competent. *Barton* v. *Holmes*, *supra*.

If the words were spoken under such circumstances as to make them in law a privileged communication, they should be so pleaded and insisted upon at the trial. Such claim, made for the first time on the hearing of the appeal, cannot operate to defeat the right of the plaintiff to a fair trial upon the facts and law before the jury.

Reversed.