## McLaughlin v. Bascom.

1. **Slander:** AMBIGUOUS WORDS. In an action for slander, for words spoken which are reasonably susceptible of different meanings, they must be construed in the sense in which the hearers understood them.

2. ————: ————. The sense in which the words were understood is to be established by proof and determined by the jury as a fact.

*Appeal from Clinton Circuit Court.*

FRIDAY, JUNE 19.

THE petition alleges in substance that the defendant John Bascom, and one L. Bascom, executed and delivered to plaintiff a promissory note for a sum specified. That after the delivery of said note to plaintiff, he sold and delivered the same to one L. Holroyd, who afterward presented it to the defendant, J. Bascom, for payment. That said J. Bascom then and there said to L. Holroyd, in the presence of one O'Dell and divers other citizens of said county, looking at said note: "Who is C. Bascom? That ain't my name; I never wrote it. This note has been tampered with." Whereupon said Holroyd said to defendant: "The note is just as I got it from James McLaughlin," (meaning plaintiff,) "and I know that I have not tampered with it." Whereupon the defendant immediately said to Holroyd: "We do not accuse you, but if Jim," (meaning plaintiff,) "had said at the time the note was given that he wanted security, he could have had it;" meaning thereby that the defendant had feloniously signed the name of C. Bascom to said note after the same was executed and delivered to the plaintiff, and that the said plaintiff was guilty of the crime of forgery, and that the words were so understood by Holroyd, O'Dell, and other good and worthy citizens.

Defendant demurred on the ground that the words set out in the petition do not imply that the crime of forgery was committed by plaintiff; that they are not actionable *per se;* and that no special damages are alleged. This demurrer was sustained. Plaintiff appeals.

*Corning & Grohe,* for appellant.

*W. E. Leffingwell,* for appellee.

Day, J.—It is the modern doctrine of many courts, and it is certainly now the established doctrine of this court, that in SLANDER: actions of slander, if the words spoken are ambig-
ambiguous
words. uous, they must be construed in the sense in which they were understood by the hearers. And in such case the sense in which words were understood may be proved by witnesses, and is ultimately to be determined as a fact by the jury. 2 Starkie on Slander p. 52; 2 Greenleaf on Evidence, section 417, and cases cited; *Barton v. Holmes,* 16 Iowa, 252; *Kenyon v. Palmer,* 18 Iowa, 377; *Hess v. Fockler,* 25 Iowa, 9; *Swearingen v. Stanly,* 23, Ib. 115.

It appears from the averments of the petition that J. & L. Bascom had executed a promissory note to plaintiff, which plaintiff assigned to Holroyd, who presented it for payment. That defendant looking at the note said, " Who is C. Bascom? That ain't my name, I never wrote it. This note has been tampered with. We do not accuse you, but if Jim had said at the time the note was given that he wanted security, he could have had it." The petition further alleges that these words were spoken concerning plaintiff, and that the persons in whose presence they were spoken, understood them to charge the plaintiff with the crime of forgery.

If the words are not ambiguous, and could not reasonably have been understood by the hearers to impute a crime, they are not actionable *per se,* and the court rightly determined such to be the case as matter of law. If, upon the other hand, the words are fairly susceptible of different meanings, and might reasonably have been understood by the hearers to charge upon plaintiff the crime of forgery, then the sense in which the words were understood is to be established by proof, and determined by the jury as a fact. For if words have two meanings, and are understood by the hearers in an actionable sense, the slander and damage consist in the apprehension of the hearers. 2 Starkie on Slander, 52.

Now we think that more cannot reasonably be claimed for these words, than that they are ambiguous. Appellee claims that the reasonable and fair import of the language is that McLaughlin, without the knowledge of the defendant, had obtained additional security upon the note. It cannot be denied that if the hearers so understood the words, they did not apprehend them in an actionable sense, and the planitiff has not been damaged. But it seems to us that the words are quite reasonably susceptible of a different meaning, a meaning, which would impute to plaintiff the charge of having written C. Bascom's name to the note, in order to procure additional security. The petition alleges that the hearers understood the words in this sense. If they did, the defendant is responsible for that understanding, and whether they did or not, is a question for the jury.

In the case of *Delaney v. Jones*, 4 Esp. C., 191, cited in 1 Starkie on Slander, p. 70, the following advertisement was charged as libellous: "This is to request, that if any printer or other person, can ascertain that James Delaney, Esquire, some years since residing at Cork, late Lieutenant in the North Lincoln Militia, was married previous to nine o'clock in the morning of the 10th of August, 1799, they will give notice, etc., and receive the reward," and it was left to the jury to say whether the advertisement imputed to the plaintiff a charge of bigamy.

We recognize the fact that upon this question there has been much conflict of decision, but it is definitely settled in this State, and, as we believe, in harmony with the weight of modern doctrine, that where the words spoken are reasonably susceptible of different meanings, the jury must determine the sense in which the hearers understood them, and the defendant must be held responsible for that understanding.

We are clearly of the opinion that the court erred in sustaining the demurrer.

REVERSED.