## WIMER V. ALLBAUGH.

| 78 | 79 |
| 81 | 369 |
| 78 | 79 |
| 114 | 48 |
| 78 | 79 |
| 128 | 30 |
| 78 | 79 |
| 141 | 598 |
| 78 | 79 |
| 144 | 40 |

1. **Slander**: EVIDENCE AS TO INTENDED MEANING OF WORDS USED. In an action for slander, plaintiff alleged that defendant said to and of her, that she was "ornrier than two hells," meaning thereby to charge her with being a whore. *Held* that, the word "ornrier" being of uncertain meaning, it was competent for plaintiff to show, by witnesses who heard defendant use the words, what they understood him to mean (see *McLaughlin v. Bascom*, 38 Iowa, 660), but not competent for defendant to ask witnesses who did not hear the objectionable words, but other words not slanderous, whether they understood any language used by him to import a want of chastity.

2. **Pleading**: INSUFFICIENCY: WAIVER: INSTRUCTIONS. If an objection to the petition can be taken by motion or demurrer, but is not, and the defendant answers and goes to trial, the objection is thereby waived, and he cannot thereafter insist that it be raised by an instruction to the jury. (Code, sec. 2650; *Printing Co. v. Tucker*, 73 Iowa, 755; *McIntire v. McIntire*, 48 Iowa, 511.)

3. **Slander**: DAMAGES: INSTRUCTIONS. In this action for slander the court instructed: "Damages in cases of this sort are of two classes —compensatory and punitory. * * * Punitory damages are such as may be awarded only when the wrong is shown to be malicious, and are to be assessed by the jury in their sound discretion, without bias or feeling, according to the malignity shown, and in such reasonable sum as will tend to prevent future evils of like kind and degree." *Held* that it was not erroneous on the ground that it did not direct the jury that they should or should not consider the question of punitory damages; for that was a matter for their discretion. Nor was it cause for reversal on the ground that it did not more clearly define the word malicious, nor on the ground that it did not define more clearly the measure of actual damages. There was an instruction as to actual damages, and the rule is that when instructions, correct as far as they go, are given by the court, a party who has not asked for more specific instructions below cannot be heard to complain in this court.

*Appeal from Louisa District Court.*—HON. W. R. LEWIS, Judge.

FILED, JUNE 3, 1889.

ACTION for slander. There was a judgment for plaintiff, and defendant appeals.

Wimer v. Allbaugh.

*Newman & Blake* and *R. Caldwell,* for appellant.

*Arthur Springer, D. N. Sprague* and *E. W. Tatlock,* for appellee.

GRANGER, J.—The petition charges, in substance, that the defendant said of, and concerning the, plaintiff, "she is a whore;" and, "she is ornrier than two hells, and I can prove it,"—meaning to charge her with being a whore.

I. On the trial the following testimony was given on behalf of plaintiff by her sister Sadie: "On January 1, 1887, defendant said to my sister Rosa, that she was ornrier than two hells. I was present, and heard it at the time. *Question.* I will ask you to state, Sadie, what you understood him to charge by that. *Answer.* I understood by the language used that he meant them words against our character; that we was unchaste. I understood him to mean by that that Rosa was an unchaste woman." Substantially the same testimony was given by plaintiff and Amanda Grant, against the objections of the defendant, and the rulings are assigned as error. It is charged in the petition that in using the expression defendant meant to charge plaintiff with being a whore. The words themselves do not signify that. Without explanation, we regard them of very uncertain meaning. Considerable is said in argument as to the word "ornery." It has not such a place in the English language that any lexicographer has ventured to define it, or give it authoritative recognition. It has much of the impress of a provincialism. Its use seems to be peculiar to certain localities of people. People generally have heard the word used, and know something of its import. While it is a word used to express kind or quality, it is not alone applicable to persons. It is doubtless never used to express good qualities. Its use is generally to express the opposite. It does not, in some of its uses, differ from the words "common" or "mean." Substitute either of these words in the expression charged,

1. SLANDER: evidence as to intended meaning of words used.

and the legal *status* would not be materially different; and in such a case there could be no question as to the right of the party to prove what the understanding of the hearers was. In such cases the expressions are ambiguous. They may have. one meaning or another, and the intent and understanding must be established by proof. *McLaughlin v. Bascom*, 38 Iowa, 660, and cases there cited.

II. The defendant's wife and one Ellen Mulhern were sworn for the defendant, and defendant asked of each, in substance, if they understood any language used by Mr. Allbaugh to import a want of chastity. The question was objected to as leading and incompetent, and the objection was sustained. The argument of appellant is that, if the understanding of plaintiff's witnesses was material, that of the defendant's would be. The reasoning is certainly good, if the circumstances are the same. The witnesses for the plaintiff testified that they heard the speaking of the words charged, and of their understanding of them. The witnesses for the defendant each say they did not hear the words, but heard other words, which would in no sense constitute a cause of action. They could not, of course, testify as to their understanding of the words charged, for they did not hear them. It is not competent to prove an understanding as to other words.

III. The defendant asked the court to give to the jury the following instruction, which was refused: "The court instructs the jury that to say of a woman or girl that 'she is ornrier than two hells,' will not warrant the innuendo, meaning or construction that she is a prostitute, although you may find from the evidence that the defendant did speak of and concerning the plaintiff the above words. Then, upon that branch of the case, you are instructed that the plaintiff cannot recover, and you will find for the defendant." Of this refusal the defendant complains. The instruction merely presents a question as to the sufficiency of the pleading. The point urged was as manifest on the face of the petition

before answer as after the taking of the testimony. If the objection could have been taken by motion or demurrer to the petition, and was not, and the party answered and proceeded to trial, it was a waiver of the objection, and cannot afterwards be raised by an instruction to the jury. Code, sec. 2650; *Great Western Printing Co. v. Tucker*, 73 Iowa, 755; *McIntire v. McIntire*, 48 Iowa, 511.

IV. Complaint is made of the following instruction given by the court: "Damages in cases of this sort are of two classes,—compensatory and punitory. The former are such as are awarded to compensate the injured party for the injury caused by the wrong, and must be only such as make just and fair compensation, and are due when the wrong is established, whether it was committed maliciously—that is, with an evil intention—or not. Punitory damages are such as may be awarded only when the wrong is shown to be malicious, and are to be assessed by the jury in their sound discretion, without bias or feeling, according to the malignity shown, and in such reasonable sum as will tend to prevent future evils of like kind and degree."

*3. SLANDER: damages: instructions.*

Several criticisms are urged against the instructions, as follows: (1) "It does not tell the jury that they shall or shall not consider the question of exemplary damages." It had no right to so tell the jury. It was with the jury a discretionary matter. (2) It is urged that the word "malicious" was not defined by the court. The instruction seems to define a malicious act as one done with evil intent. If more was desired, it should have been asked. The term is not a technical one, but a word of frequent and general use, and commonly understood. (3) Complaint is made as to the court's failure to more specifically instruct as to the measure of actual damage. There is an instruction as to the measure of such damage, and, so far as it goes, it is not erroneous. It would be better if more specific. Generally, where the court instructs upon a question, and a party desires it more specific, he should ask it, that the court

may know of his wishes before verdict, and grant or refuse his request. Where this is not done, the court will not, except in cases of manifest prejudice, interfere. We have noticed the errors assigned and argued, and see no reason why we should disturb the judgment below. AFFIRMED.