FREDA JACKSON, Appellee, v. ROY C. FERGUSON, Appellant.

**LIBEL AND SLANDER:** Words Actionable—Imputation of Immorality. To charge that a married woman *"had been making dates with men"* is not slanderous per se, unless accompanied with *allegation* and *proof* that such charge was made with the intent to charge immorality on the part of the woman, and that the persons to whom the statements were made so understood them.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

DECEMBER 11, 1917.

ACTION at law to recover damages for alleged slander. Verdict and judgment for plaintiff for $150, and defendant appeals.—*Reversed and remanded.*

*Jepson & Stecker* and *Henderson & Fribourg,* for appellant.

*J. A. Prichard* and *Schmidt & Pike,* for appellee.

WEAVER, J.—The plaintiff and her husband and the defendant Ferguson and wife are comparatively young people, having their homes in the same neighborhood. On one occasion, the two husbands had been from home over night, and on their return, or soon thereafter, information came to them that, on the night of their absence, their wives stayed together at the home of one of them, and that two young men visited them, staying with them until nearly morning. This caused some ill feeling, and defendant made the story the subject of certain statements respecting plaintiff which she alleges to be slanderous. The petition alleges that defendant said of and concerning plaintiff and his ·(defendant's) wife, "They have been making dates with men for immoral purposes;" "they have been making dates with men all winter and have been found out." The defendant denied the alleged slander, and pleaded certain matters in mitigation.

The proof tended to show that defendant did say that they (plaintiff and defendant's wife) "had made dates with some other men;" that he and Jackson had found out by the boys "that they had made dates and been there;" and that "they have been making dates with other men and doing things while we were gone that were simply awful;" "they have been making dates with other men and stayed up nights or one night with them." There is no evidence that he said that the "dates" to which he referred were made for immoral purposes. No special damages were alleged, and no evidence of special damage offered.

At the close of the testimony on the part of plaintiff, defendant moved for a directed verdict in his favor, on the ground, among other things, that the words shown to have been spoken by the defendant were not slanderous *per se,* and no special damages had been alleged or proved. The motion was denied. At the close of all the evidence, the defendant asked the court to instruct the jury, among other

things, "that the words shown to have been spoken are not slanderous *per se,* and the burden is on plaintiff to show they were spoken maliciously, and that to recover she must allege and prove special damages." The instruction was refused.

In our judgment, the court's rulings in these respects were erroneous. There is nothing in the expression, "making dates with men," which necessarily or as a matter of law can be said to mean that plaintiff is a lewd woman, or that the dates said to have been made with men were for lewd purposes. It is true that the petition alleges that the words were used by defendant with that slanderous meaning, and were so understood by those who heard him; and, had there been any evidence to support these allegations, then it would doubtless have been proper for the trial court to have instructed the jury that, if they found the words were used in that defamatory sense, and that the hearers so understood their meaning, then the statement would be slanderous *per se,* and malice and injury would be presumed. But there is no such evidence in the record. It is not an unheard-of thing in these days for a married woman to make one of a theater party or card party or joy-riding party or other social gathering in which her husband has no part, and whatever may be said of her wisdom or prudence in so doing, it would be a most unjustifiable thing to say that the acceptance of an appointment or date for such diversion is an act of immorality, or to say that a statement based on such acts, to the effect that a woman has made dates with men (no covert defamatory sense being intended), is, as a matter of law, slander *per se.* "Making a date" is, perhaps, an inelegant expression; but, giving the words no more than their ordinary and natural effect, they mean nothing more than the making of an appointment, or the fixing of a time or date for some specified purpose. If, without more, they be made use of to indicate an

appointment for some unlawful or immoral purpose, it is a perversion of their natural meaning, and will not be so construed, in the absence of proof that such was the intention of him who so used it, or that it was so understood by those who heard it. *McLaughlin v. Bascom,* 38 Iowa 660; *Barton v. Holmes,* 16 Iowa 252, 254; *Wimer v. Allbaugh,* 78 Iowa 79. The instructions given to the jury are inconsistent with this view of the law, and constitute reversible error.

Our conclusions above stated are sufficient to require a new trial, and other points suggested in argument become immaterial. For the reasons stated, the judgement appealed from is reversed, and the cause will be remanded for a new trial.—*Reversed and remanded.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.