**NORTH COUNTRIES HYDRO-ELECTRIC CO.**

v.

**UNITED STATES.**

No. 268-53.

United States Court of Claims.

Feb. 2, 1954.

John W. Day, Chicago, Ill., for plaintiff. J. Barry O'Keefe, Chicago, Ill., was on the brief.

Ralph A. Boyd, Dept. of Justice, Washington, D. C., with whom was Perry W. Morton, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

WHITAKER, Judge.

This case is before us on plaintiff's motion to strike defendant's second and third defenses to its petition. The second defense is that of *res adjudicata*, and the third is the statute of limitations.

Plaintiff sues for a partial taking of its hydro-electric power plant on the Fox River, a tributary of the Illinois River, by the erection by defendant of a dam on the latter river. In its second defense defendant says that plaintiff had heretofore brought a suit in this court on the same cause of action as it asserts in its present petition, and that we had decided adversely to it. This decision defendant says is *res adjudicata* in the present suit. In its third defense defendant sets up the statute of limitations, alleging that the taking, if any, was more than six years before the institution of the present suit.

The erection of the dam, which plaintiff alleges was the act from which a taking resulted, was in 1933, but plaintiff in its petition says that its cause of action did not accrue until January 1952, nineteen years later. Defendant disputes this and says that the cause of action, if any, accrued much earlier, and more than six years before the present suit was filed.

The time a cause of action accrues as the result of the erection of a dam is a question of fact. United States v. Dickinson, 331 U.S. 745, 67 S.Ct. 1382, 91 L.Ed. 1789. Defendant's third defense raises this issue of fact; and, hence, it is apparent that a motion to strike this defense for insufficiency does not lie.

Defendant's second defense of *res adjudicata* raises a question of law. In our former opinion we held that plaintiff had failed to prove its case, first, because it had not proved that the ice jams, which plaintiff alleged was the cause of the damage to its property, were the result of the erection of the dam on the Illinois River; and, second, because it had not shown that these ice jams would necessarily recur, which we said was essential to show a taking. Plaintiff in its present petition says it can now show that the dam did cause these ice jams, and that it is inevitable for them to recur, because there have been three of them in the ten years prior to the filing of the present petition. It thus says it can now show what we said it had not shown in the previous suit. But defendant says that plaintiff had its opportunity to show these facts in its former suit and that the rule of *res adjudicata* denies it another opportunity to do so.

■ We do not pass on the merit of this defense at this time, except to say that it is not a trivial defense; it is not one to be cast aside as plainly without merit. If not, it is not subject to a motion to strike for insufficiency. A decision on this question must await the taking of proof on all issues and a submission of the case on the merits.

■ Our rule 16(f), 28 U.S.C., permitting a motion to strike "any insufficient defense" means a defense which is plainly insufficient. See Moore F. P. 2d ed. Vol. 2, paragraph 12.21, and cases there cited, particularly in notes 27 and 37. See also Vol. V, Cyclopedia of Federal Procedure 3d ed. sec. 15.376.

It is plain that plaintiff is not entitled to summary judgment, which it seeks in the alternative. Both its motion to strike and its motion for summary judgment are overruled.

It is so ordered.

JONES, C. J., and MADDEN and LITTLETON, JJ., concur.