**DUNWALKE FARM, Inc.,**

v.

**UNITED STATES.**

No. 648–53.

United States Court of Claims.

Nov. 2, 1954.

Charles Goodwin, Jr., New York City, for plaintiff.

Gilbert Andrews, Arlington, Va., H. Brian Holland, Asst. Atty. Gen. (Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff is a personal holding company. It sues to recover the taxes imposed on its undistributed profits for the year 1949.

In its first cause of action it asks for a refund based on a computation of the tax by including a deduction of surtax

for the year 1948. In a separate cause of action it asks for a refund based on a computation of the tax by including a deduction of surtaxes for 1949, instead of for 1948.

Defendant in its answer sets up as a second defense, that an action based on a computation which includes a deduction of surtaxes for 1949 cannot be maintained because no claim for refund was filed on that theory. Plaintiff moves to strike this defense under rule 16(f), Rules of Court of Claims, 28 U.S.C.A.

This rule provides for striking from a pleading before the opposite party is required to respond thereto, or within thirty days after service thereof, "any redundant, immaterial, impertinent, or scandalous matter, or any insufficient defense."

■ Plaintiff does not claim that defendant's answer contains matter that is redundant, immaterial, impertinent, or scandalous, so its claim necessarily is that the defense is insufficient. Such a motion is allowed only when the defense is frivolous or plainly insufficient. North Counties Hydro-Electric Co. v. United States, 118 F.Supp. 375, 127 Ct.Cl. 467, 469, and authorities there cited.

■ Defendant's defense may not be good, but it is not frivolous or plainly insufficient. It is quite true, as defendant says, that plaintiff did not file a claim for refund based on its right to deduct 1949 taxes. Without explanation this would be a good defense. Plaintiff offers an explanation that appears to have merit; but the time to decide this is when the whole case is submitted.

■ Rule 16(f) was designed to get rid of trash. It was not designed to require the Court to hear a case piecemeal, "to make three bites of a cherry."

Plaintiff's motion will be overruled.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.