**Charles L. MacDONALD, Thibaut de Saint Phalle, George F. Lewis, Jr., Herrick K. Lidstone and Barent Ten Eyck, co-partners doing business under the firm name and style of Lewis & MacDonald, Plaintiffs,**

**v.**

**John ASTOR, Defendant.**

United States District Court
S. D. New York.

Nov. 12, 1957.

Goldstein, Judd & Gurfein, New York City, for plaintiffs, Murray I. Gurfein, Christopher J. Taylor, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant, William F. Parker, Miami, Fla., of counsel.

IRVING R. KAUFMAN, District Judge.

The defendant moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a more definite statement as to the three causes of action in the complaint. The complaint in an action brought by the partners of the law firm of Lewis & MacDonald, and originally filed in the New York State Supreme Court and subsequently removed to this court, seeks fees and disbursements for professional services performed for the defendant over a period of time commencing with the 3rd day of December, 1954 and terminating on the 29th day of May, 1957. The first cause of action is for the recovery of $90,000 claimed to be the balance due and owing to the plaintiffs for legal services rendered between the aforesaid dates. The second cause of action asks for the same $90,000 for services rendered during the same period of time for which defendant is alleged to have promised and agreed to pay the plaintiffs the fair and reasonable value for their services now claimed to be valued at $90,000. The third cause of action, asking for reimbursement of sums advanced and paid out for the ac-

count and benefit of the defendant which the defendant promised and agreed to repay, seeks $13,937.65 as the balance allegedly owing to plaintiffs as a result of such advances.

Since the action was commenced in the State Supreme Court there is incorporated by reference in the first cause of action an exhibit attached to the complaint enumerating in detail matters considered and acted upon by the firm of Lewis & MacDonald. This itemization consists of approximately six and a half pages.

In view of this detail, unusual for a complaint in the federal court, the motion for the aforementioned relief indicates an unfamiliarity with the recent decision of the Court of Appeals for the Second Circuit which is fast becoming a landmark, Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319.

■ It has been stated time and again that pleadings in the federal courts are designed for the purpose of merely giving notice. Though some have disagreed with this approach there is no escape from the well established principle that formalistic pleadings in the federal courts are a thing of the past. Details of claims and defenses are to be elicited by discovery, admissions and pre-trial procedures. Litigation is not a contest in semantics but a search for the truth.

The recurrence of this type motion leads me to believe that for those steeped in old code practice there is a general unawareness of current judicial thinking in this area.* Surely there is no dearth of material on the subject. In any event, Judge Clark in his scholarly opinion in Nagler v. Admiral Corp., supra, finally

set at rest, at least for this circuit, any confusion that might have existed over the purpose to be served by a pleading in the federal court. The Court of Appeals in reversing the dismissal of a complaint, in a treble damage anti-trust suit, for improper pleading and joinder of actions and parties, decried the trend in this district toward special pleading requirements in anti-trust cases. In rejecting this approach as involving "essentially nebulous concepts", the court through Chief Judge Clark called for "a return to the rules themselves and their intended purpose." For a statement of this purpose the court quoted from the Advisory Committee in the Report of Proposed Amendments, October 1955, pp. 18, 19 and Preliminary Draft, May 1954, pp. 8, 9, as a note explanatory of F.R. 8(a) (2) and the Committee's decision to recommend the retention of that rule in its present form. "The intent and effect of the rules is to permit the claim to be stated in general terms; the rules are designed to discourage battles over mere form of statement and to sweep away the needless controversies which the codes permitted that served either to delay trial on the merits or to prevent a party from having a trial because of mistakes in statement."

I am in entire agreement with this clear pronouncement on the function of the pleading in the federal courts. Indeed it is somewhat disturbing for a district judge to hear the federal rules everywhere proclaimed as models of enlightened procedure, while the very ones who should benefit most from this modern approach, regularly appear in the motion part and argue for a return to the

---

* Those who wish to better familiarize themselves with current judicial thinking on this subject are referred to the paper prepared for the Seminar on Protracted Cases, held at the New York University Law School, August 1957, 21 F.R.D. 45, by Judge Charles Clark, Chief Judge of the Second Circuit Court of Appeals, a leading proponent of the Federal Rules of Civil Procedure and a member of the Advisory Committee responsible for the drafting of these rules. Judge Clark in his paper makes the point very forcefully that "a lifetime studying, teaching and working in this field" has shown that "strict special pleading has never been found workable or even useful in English and American Law", and that general fact pleading as embodied in the Federal Rules "properly defines and limits the role to be played by the mutual statement of claims of the parties."

 

stringent technicalities of code pleading. Perhaps even we on the bench have, through the years, permitted our approach to the federal rules to become incrusted with the barnacles of an outmoded system. If so, the clear call of Nagler has brought us back to reality.

Having thus oriented ourselves let us examine the more definite statements pursuant to Rule 12(e) herein sought by the defendant:

*As to the First Cause of Action:*

(a) The theory of the claim alleged, that is, whether it is based on contract or upon *quantum meruit.*

(b) When and where the alleged promise to pay was made and whether it was verbal or in writing, and if in writing, attach a copy of the document to the complaint.

(c) The type, nature and extent of the services set forth in paragraph 5 of the complaint and alleged to have been performed as "additional professional services."

*As to the Second Cause of Action:*

(a) The type, nature and extent of the services alleged in paragraph 8 of the complaint.

(b) The theory upon which this cause of action is based.

*As to the Third Cause of Action:*

(a) Specifications of the dates, purpose and amounts of the alleged advancements and expenditures referred to in paragraph 10 of the complaint and the identity of the parties to whom the payments were made.

The complaint before us not only informs the defendant of the nature of plaintiffs' claims but embellishes these claims in an attempt to plead in accordance with New York State pleading requirements. This is more than the simple statement required under the rules and further particularization in the complaint should not be directed and would indeed thwart the purpose of the rules.

What is unfortunate is that motions of this character continue to appear regularly on our crowded motion calendars. If less time were spent on these dilatory motions serving no useful purpose and more of an effort were made to proceed with the discovery and other phases of litigation which really aid in the ascertainment of facts, litigants would see a more expeditious disposition of their cases.

Motion denied. So ordered.