**Dr. Nathan H. COLTON and Dr. Hyman I. Segal, Plaintiffs,**

v.

**WONDER DRUG CORPORATION, Drug Research Corporation, Kastor, Farrell, Chesley & Clifford, Inc., Defendants.**

United States District Court
S. D. New York.
Nov. 12, 1957.

Zipser & Levitt, New York City, for plaintiffs.

Coudert Brothers, New York City, for defendant Kastor, Farrell, Chesley & Clifford, Inc. Larrabee M. Johnson, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

■ The defendant, Kastor, Farrell, Chesley & Clifford, Inc., moves pursuant to Rule 12(f), Fed.Rules Civ.Proc. 28 U.S.C.A. to strike from paragraph "11" of the complaint the following allegations on the ground that they are immaterial to the issues herein, redundant and impertinent:

(a) "to be shamed"

(b) "held up to public disgrace and ridicule in the community in which they live"

(c) "has caused impairment of their professional reputation"

(d) "and impairment of their professional standing"

or, in the alternative, pursuant to Rule 12(e) for an order requiring the plaintiffs to furnish a more definite statement in the complaint which the defendant contends "is so vague and ambiguous in respect to whether plaintiffs are seeking a recovery based solely upon invasion of their right of privacy or upon libel or both."*

Plaintiffs bring this action to recover a sum of money by reason of the alleged use of their names in connection with a certain advertisement for "Regimen Tablets". The moving defendant, an advertising agency, is charged with directing the placement of such copy. The complaint also alleges that the use of plaintiffs' names in the advertisement was calculated to and conveyed the false impression that plaintiffs had previously endorsed the use of "Regimen Tablets" and further that the use of the plaintiffs' names caused them to be held up to public ridicule and disgrace and impaired their professional standing. In consequence thereof, plaintiffs seek damages and injunctive relief against the future use of their names for advertising or trade purposes.

This motion, like a similar one in MacDonald v. Astor, D.C., 21 F.R.D. 159, evidences a lack of familiarity with the most recent and enlightening decision of the Court of Appeals for the Second Circuit in Nagler v. Admiral Corp., 2 Cir., 248 F.2d 319. In compliance with the direction contained in that decision, which is fast becoming a landmark in the law, these motions must be denied for the reasons stated in MacDonald v. Astor, supra. The complaint describes the sequence of events forming the basis of the claims in a manner sufficient to apprise defendant of the nature of the charges. More particularity than this is not required by the rules. The abolition of technical requirements in pleadings is one of the outstanding advances of the federal rules. Judge Clark spoke to the point when he said:

"Occasionally there is a direction to prune off surplusage, a theoretically sound point of view since these complaints, far from being models, are usually singularly verbose and full of unnecessary conclusions, cliches and counts. * * * But is there time in the Southern District for such pruning and perfectionism when the easier course is just to treat such excesses with silent disdain?" Clark, Special Pleading in the "Big Case" 21 F.R.D. 45, 51 (1957).

■ Quite candidly the courts are cognizant of the all too human attribute of gilding the lily, or, to put it another way, inserting allegations merely for atmosphere. But the task of limiting the issues or "pruning off the surplusage" should be accomplished by pre-trial proceedings and not by motions addressed to the complaint. Let us not

---

* Upon the argument of this motion, plaintiffs stated that the action is based solely upon the defendant's violation of plaintiffs' right of privacy and is not one based in libel.

pause at the threshold of litigation with these dilatory motions which can only be productive of delay. It is far better to use "simple furniture to set the stage for justice". Goodman, Should California Adopt Federal Civil Procedure? 40 Cal. L.Rev. 184, 187 (1952).

The motion to strike pursuant to Rule 12(f) or for a more definite statement pursuant to Rule 12(e) is denied. So ordered.