**C. Basil McCORMICK and Hugh C. Van Valkenburgh, Plaintiffs,**

**v.**

**C. Marshall WOOD and Savard & Hart, a Partnership, Defendants.**

United States District Court
S. D. New York.
Nov. 14, 1957.

Clarence P. Greer, New York City, for plaintiffs. Melvin J. Zalel, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant C. Marshall Wood. William J. Granger, Roy L. Reardon, New York City, of counsel.

Reed & Crane, New York City, for defendant Savard & Hart. Martin J. Coughlin, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

A decision on the question of law presented by plaintiffs' motion to strike certain affirmative defenses interposed by both defendants should await a resolution of the facts. The sufficiency of the affirmative defenses being dependent on a determination of the nature of the relationship existing between the parties, the defendants should not be deprived at the outset of the proceedings of the opportunity to develop the facts upon which their defenses are founded.

In disposing of a motion attacking affirmative defenses as insufficient on their face I must construe the defenses in a light most favorable to the defendants. Virgin Islands Corp. v. Taylor, 2 Cir., 1953, 202 F.2d 61. In this regard

the allegations of the complaint are not conclusively binding on the defendants so as to bar them from asserting defenses based upon their own version of the facts. If we are to concede, for the purposes of this motion, the verity of all the facts that may be asserted in support of the affirmative defenses such defenses are sufficient in law and the motion must fail. Verges v. News Syndicate Co., Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 587; see, also, 2 Moore, Federal Practice 2320 (2d ed. 1951).

██ Outright dismissal of a pleading or a portion of a pleading for reasons not going to the merits is viewed with disfavor in the federal courts. Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319. The rules are designed to discourage battles over mere form and to sweep away needless controversies that serve either to delay a trial on the merits or to deny a party his day in court because of technical defects in the pleadings. MacDonald v. Astor, D.C., 21 F.R.D. 159; Colton v. Wonder Drug Corp., D.C., 21 F.R.D. 235, decided November 12, 1957.

Motion denied. So ordered.