**SHENANDOAH LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Louise Watters HAWES, Defendant.**

**Civ. No. 524.**

United States District Court
E. D. North Carolina,
Washington Division.

June 30, 1965.

Wharton, Ivey & Wharton, Greensboro, N. C., for plaintiff.

Welch Jordan, William D. Caffrey, of Jordan, Wright, Henson & Nichols, Greensboro, N. C., John A. Wilkinson, Washington, N. C., for defendant.

LARKINS, District Judge:

## STATEMENT OF THE CASE

This cause comes before the Court as a civil action arising out of an alleged insurance contract which the plaintiff now seeks to avoid and cancel by means of the equity powers of the Court.

Involved is Contract for Life Insurance, No. 378,018, for the face amount of $15,000.00 plus payments of $300.00 per month for a period of fifteen years to defendant who is the principal beneficiary. The insured's application was in two parts—Part I bearing the date of May 4, 1961, and Part II bearing the date of June 6, 1961.

Plaintiff states that insured had information at his disposal at the time on June 6, 1961 which would have prevented plaintiff from going forward with the contract if it had had this information, but it was fraudulently withheld from plaintiff. All these facts are directly disputed by defendant, including the dates as stated by plaintiff in the complaint.

The insured died of an adenocarcinoma of the right lung on August 1, 1962, after undergoing extensive treatment for

lung cancer beginning with X-rays taken on June 21, 1961 in relation to what was then believed to be a "cough" or "flu." These X-rays were routinely recommended by the insured's physician upon the basis of "shadows" on X-rays taken in the two previous years during insured's routine physical examinations of 1959 and 1960.

The policy of insurance was dated June 21, 1961 and was delivered to the insured on either June 24 or June 25, 1961, whereupon insured paid his first monthly premium, the same being accepted by the plaintiff's agent.

Plaintiff bases its complaint and claim upon allegations of fraudulent and untruthful answers to material questions proposed to the insured in the application for insurance. Plaintiff insists that it relied on these answers in order to issue the policy of insurance, and that the policy contract so advised insured in writing thereon.

Plaintiff further insists that it has standing to pursue the action in equity at this time because the contract of insurance contains a two year "incontestability clause." It is plaintiff's contention that if it does not seek relief in the manner now undertaken, the substantive law of the State of North Carolina may prevent plaintiff from later asserting its present allegations as a defense.

Defendant, who is the wife of the deceased insured, answered plaintiff's complaint denying the substance of plaintiff's claim relating to fraud and untruthfulness of application. Defendant also asserts a counterclaim based upon the provisions of the insurance contract, insisting that the contract is in full force and effect. She prays for the recovery of the proceeds provided for in the insurance contract, together with interest from the date of the policy's effective due date as provided in the contract.

Defendant has subsequently, after plaintiff made reply to the answer and counterclaim, filed amendments to its answer and counterclaim; these amendments having been allowed by the Court. Plaintiff has moved to strike the amendments which allege:

(1) Plaintiff, as a member of the insurance industry, had certain recognized minimum examination requirements according to the Underwriting Rules and Limits. These requirements are alleged to be appropriate for the issuance of an insurance contract to an insured of the deceased's age, and for the amount of coverage sought (deceased being 55 years old and seeking $55,540.00 total coverage), and plaintiff failed to comply with these recognized minimum requirements.

(2) These requirements, if complied with, would have provided the information which plaintiff now states deceased fraudulently withheld—that is, a "six foot chest X-ray plate."

(3) Therefore, plaintiff knowingly and intentionally waived the requirement for the information it insists was material to the issuance of the contract it now seeks to rescind.

(4) Plaintiff failed to seek the X-rays of the two previous years, 1959 and 1960, which were likewise available to it, and the exercise of ordinary care would have required plaintiff to seek and examine them.

(5) This failure to seek these X-rays was such an act of negligence of plaintiff's as to amount to an act of waiver of the requirement that the insured provide any special information concerning anything peculiar about his condition.

(6) Plaintiff had actual knowledge of the insured's condition sometime prior to his death and it continued to accept premium payments, and plaintiff is thereby estopped to now cancel the contract.

## CONCLUSIONS OF LAW

Plaintiff asserts its motion, basing it on two grounds—the first of which is a failure "to state any grounds of defense against plaintiff's action * * *."

This motion is provided for in Rule 12(f), Federal Rules of Civil Procedure, which states in pertinent parts:

"(f) Motion to Strike. Upon motion made by a party * * * the court may order stricken from any pleading any insufficient defense * * *."

■ In relation to this motion, Professor Moore states:

"A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. * * *" (Moore's Federal Practice, Sec. Ed., Vol. 2, P 12.21(3).)

■ In examining defendant's amendments, the Court is impressed with the fact that they are basically defenses of waiver and estoppel. It is also true that the original answer denies the existence of any fraud or untruthfulness, and the amendments adopt these denials. The Court cannot, therefore, assume fraud and untruthfulness in considering plaintiff's motion to strike defendant's affirmative defenses and counterclaim. for the Court recognizes that defendant does assert affirmative defenses. See Rule 8(c), Federal Rules of Civil Procedure and Moore's Federal Practice, 2nd Ed., Vol. 2, P 8.27(3).

■ What then is the test for striking an affirmative defense as insufficient for failure to state grounds of defense? The defense must appear frivolous, or it must appear that plaintiff would succeed despite the defense being asserted. See Hoffman v. Weider, 217 F.Supp. 172 (D.C., N.J., 1963); Lehmann Trading Corp. v. J & H Stolow, Inc., 184 F.Supp. 21 (S.D., N.Y., 1960); and Dunwalke Farm, Inc. v. United States, 125 F.Supp. 255, 130 Ct.Cl. 31 (U.S.C. of C., 1954).

■ It is also recognized that because the defense is not complete in that it is a "partial defense," it will not be stricken as an insufficient defense when it is a defense based on alleged facts contained therein. McCormick v. Wood, 156 F. Supp. 483 (S.D., N.Y., 1957); and Verges v. News Syndicate Co., Inc., 11 F.R.D. 587 (S.D., N.Y., 1951).

In the case at hand, the defenses asserted raise questions of law pertaining to the effect of pleading waiver and estoppel as a defense, and in support of a counterclaim. When reading defendant's pleadings in their entirety, as the Court should do, questions of fact also appear.

■ It is well settled that the motion to strike in federal pleadings is not a favored method of raising disputed questions of law. Lopez v. Resort Airlines, 18 F.R.D. 37 (S.D., N.Y., 1955); U. S. Plywood Corp. v. Hudson Lumber Co., 17 F.R.D. 258 (S.D., N.Y., 1955); and Hill, Brown Corp. v. Bosler, 14 F.R.D. 170 (D.C., R.I., 1953).

■ It is also frequently stated that the motion to strike should be denied if substantial questions of fact appear at the pleading stage of the proceedings, and it further appear they will be in need of final determination. M. L. Lee & Co. v. American Cardboard, 36 F.R.D. 27 (E.D., Pa., 1964); and Reid v. Doubleday & Co., 109 F.Supp. 354 (N.D., Ohio, 1952).

■■ The Court is aware of the fact that an affirmative claim is not an affirmative defense, and if it is such a claim, it should be pleaded as a counterclaim. United States v. Ein Chemical Corp., 161 F.Supp. 238 (S.D., N.Y., 1958). This brings the discussion to the second ground stated for the purposes of this motion—a failure "to state any grounds upon which relief may be granted to defendant upon her counterclaim."

The defendant is asserting a counterclaim for a substantial sum and when the pleadings are read as a whole, these amendments may be material to an effective determination of this counterclaim if it should arise at trial.

The basis of this portion of plaintiff's motion would then appear to arise under Rule 12(b) (6), Federal Rules of Civil Procedure, which is, in effect, a motion to dismiss for failure to state a claim. See Moore's Federal Practice, 2nd Ed., Vol. 2, P 12.08 at pages 1246–1247.

■ It is well recognized that pleadings are to be liberally construed and they are not to be dismissed for insufficiency unless it appears certain that the pleader is entitled to no relief under any set of facts which could be proved in support of the claim asserted. Due v. Tallahassee Theatres, Inc., 333 F.2d 630 (5th Cir., 1964); and Shull v. Pilot Life Ins. Co., 313 F.2d 445 (5th Cir., 1963).

The Court takes notice of the fact that the litigants, in their briefs, go into detailed arguments of law in which they assert their contentions relating to the legality of the use of waiver and estoppel in a case such as this. But the trial of the matter is not here before the Court upon the motion to strike. The nature of counsels' arguments substantiates the view that there exists serious and substantial questions of law and fact and that the amendments have brought them to the fore, and it may be necessary to determine them on their merits as the case develops. See Shull v. Pilot Life Ins. Co., 313 F.2d 445, supra.

■ It may be that serious evidentiary problems confront the defendant whereby she may have difficulty introducing evidence to support her allegations in the amended answer and counterclaim, but this is not a question before the Court on a motion to strike. The Court cannot decide this motion in anticipation of difficulties which might later develop during the course of trial.

### ORDER

Therefore, it is ordered that plaintiff's motion to strike defendant's amendments to her answer and counterclaim be, and the same is hereby denied.